# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| ALAN S. TAYLOR, <br><br> Plaintiff, <br><br> -v- <br><br> THE MITRE CORPORATION, <br><br> Defendant. | Civil Action No. 1:11-cv-1247 |

## ORDER

Before the Court is the report and recommendation (Dkt. No. 91) of Magistrate Judge Davis on Defendant's motion for sanctions (Dkt. No. 55) against Plaintiff based on Plaintiff's alleged spoliation of evidence. The Plaintiff objected (Dkt. No. 95) to the Magistrate Judge's findings and the Defendant responded to that objection (Dkt. No. 97). The Court has reviewed the underlying motion, the Magistrate Judge's recommendation, and the parties' follow-on briefings, as well as the case law cited by both sides, and now issues this order adopting the Magistrate Judge's report and recommendation.

## Factual Findings

Judge Davis made detailed findings of fact based on the (voluminous) record developed over the course of this dispute. There is no need to rehash all of the facts here. Though the Court offers only a short summary, it adopts all of the Magistrate Judge's factual findings as credible and well-supported.

1

The Plaintiff, Mr. Taylor, is a computer expert by trade. He began working for the Defendant, Mitre, in 1996. In 2009, Mr. Taylor securedt counsel in anticipation of bringing this lawsuit against Mitre for violations of the FMLA and failure to accommodate his disabilities. Mr. Taylor's lawyer immediately put him on clear notice that he was required to maintain all files and documents (electronic and otherwise) related to his claim, and that deleting or discarding such files could result in sanctions including dismissal of his claim. Mr. Taylor would eventually end his relationship with the first lawyer, but he met with new counsel—his current representative— approximately two weeks later.

Mr. Taylor filed his EEOC claim on November 18, 2010. Sometime in 2011, Mr. Taylor "wiped" his work desktop, then "took a sledgehammer to it" and disposed of it in the local landfill.[1] The work computer contained copies of his work-related emails. Mr. Taylor claims he attempted to back up those files but was only partially successful.

On November 15, 2011 Mr. Taylor filed the complaint that commenced this action, pursuant to a right-to-sue letter from the EEOC. On July 1, 2012, the Magistrate Judge ordered Mr. Taylor to submit his current computer, a laptop, to inspection within a week. Mr. Taylor had represented that whatever documents he maintained during the partially successful backup operation described above had been transferred to the laptop, and the Defendant won permission to inspect the laptop. On June 14, 2012, Mitre's forensic expert investigated Mr. Taylor's laptop computer. The expert determined that a few days after the Court's inspection order Mr. Taylor ran a program called Evidence Eliminator, a program whose express purpose is removing "sensitive material" from one's hard drive and defeating forensic software. Mr. Taylor admits that he downloaded the program the same day he learned of the Court's inspection order. By the nature

---

1 Mr. Taylor has given varying accounts of the size and type of the hammer he used to wreck the computer, but does not deny that he smashed it with some nature of mallet.

2

of the program, it is impossible to determine how many files were deleted by Evidence Eliminator.

Mr. Taylor also ran another program, called CCleaner, at least twice between the time of the Court's inspection order and the actual inspection. CCleaner is similar in nature to Evidence Eliminator in that it erases files from a computer so that they cannot be recovered. Mr. Taylor claims that CCleaner was set to run automatically, and so even if it did delete relevant documents, the deletion was not intentional.

### Legal Standard

A person who anticipates litigation has a duty to preserve material evidence that may be relevant. *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001). Spoliation of evidence is the "destruction or material alteration of evidence or [] the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Id.* at 590. Spoliation issues are disposed of at the discretion of the trial court, and the court is free to determine the appropriate sanction to redress conduct which disrupts the judicial process. *King v. Am. Power Conversion Corp.*, 181 Fed. App'x 373, 376 (4th Cir. 2006). In the Fourth Circuit, a court faced with spoliation may impose the harsh sanction of dismissal if either (1) the conduct was "so egregious as to amount to a forfeiture of [the] claim", or (2) the effect of the spoliation was prejudicial enough to "substantially den[y] the defendant the ability to defend the claim." *Silvestri*, 271 F.3d at 593.

### Analysis

The Court finds without reservation that Mr. Taylor's conduct has been so egregious that

it amounts to a forfeiture of his claim. Mr. Taylor has been anticipating this litigation since 2009 when he first sought counsel. His duty to preserve evidence arose at that point, and his first attorney specifically advised him of that duty. The two week "gap" in representation before Mr. Taylor secured new counsel did not relieve him of his ongoing duty to preserve evidence.

As to the severity of Mr. Taylor's conduct, deliberate destruction of his work computer with a hammer after a "partially successful" backup might have qualified as egregious (under *Silvestri*) in and of itself. The Court finds it incredible that Mr. Taylor, a computer expert, was unable to verify the success or failure of his backup operation before he smashed the computer with a sledgehammer, and also that he would consider it acceptable to smash the computer upon discovering that the backup was unsuccessful.

The Court also finds it highly suspicious that a man of Mr. Taylor's knowledge and experience would not disable the CCleaner program (assuming it was set to run automatically as he claims) to avoid spoliation during litigation, and especially after the July 1 inspection order. But the real clincher was downloading and running Evidence Eliminator.

For Mr. Taylor to download and run a program whose express purpose is deletion of evidence *in direct response* to the Magistrate Judge's order that his computer be produced for inspection was to blatantly disregard his duties in the judicial system under which he sought relief. The Court finds Mr. Taylor's conduct to be egregious and highly contemptuous of the inspection order. Mr. Taylor has forfeited his right to pursue his claims with this Court any further. Mr. Taylor's attempt to create a distinction between "running" Evidence Eliminator and "using it to destroy documents" is not convincing in the least. Nor is Mr. Taylor's argument that he was not reasonably aware that his work computer might contain information related to his employment discrimination claims.

Mr. Taylor hopes to convince the Court that more egregious behavior begot lesser sanctions in *E.I. du Pont de Nemours and Co. v. Kolon Industries,* but his argument fails. 803 F. Supp. 2d 469 (E.D. Va. 2011). In *Kolon Industries,* the accused spoliator was the defendant, a large company. While the court did find numerous instances of intentional, bad faith deletion of emails by several company employees, the court also found that the spoliation occurred despite real, appropriate steps by the company to mitigate the risk of spoliation, including issuing two hold orders and "implement[ing] a widespread effort to preserve files." *Id.* at 508. Mr. Taylor cannot credibly claim any similar attempt at mitigation, for obvious reasons. He acted unilaterally, deliberately, and with full knowledge in deleting files from his computer. No lesser sanction would be consummate with his conduct.

In his objection, Mr. Taylor understandably does not dwell on the "egregious" prong of the *Silvestri* test. Instead, he dedicates the bulk of his objection to disputing whether the Magistrate Judge adequately considered and supported the finding of prejudice (the second avenue to dismissal for spoliation under *Silvestri*).

It may be true that neither the Defendant nor the Court can conclusively say that loss of the documents Mr. Taylor destroyed "substantially denied" Mitre the ability to defend itself, because we cannot know the exact nature of the lost files. But that is due exclusively to Mr. Taylor's deliberate use of specialized software to destroy data on his laptop so thoroughly that it cannot be recovered, even by forensic experts. Besides, a party moving for sanctions based on spoliation is not required to prove the content of deleted documents. *Kolon Industries,* 803 F. Supp. 2d at 498-99. That burden falls to the accused spoliator. *Id.*

The Court will not entertain speculation that Mitre might not have been sufficiently prejudiced to meet the second *Silvestri* prong. The Court is amply satisfied that Mr. Taylor's

conduct was so egregious that he has forfeited his claims against Mitre.

The Court finds the Magistrate Judge's consideration of attorney's fees and costs, and also monetary sanctions to be well-reasoned and adopts it herein.

## Conclusion

For the reasons set forth above, as well as those given in Magistrate Judge Davis's Report and Recommendation, it is hereby **ORDERED**:

1. The Defendant's motion for sanctions (Dkt. No. 55) is hereby **GRANTED** in part and **DENIED** in part.
2. The Defendant's request for dismissal of the Plaintiff's claims with prejudice is **GRANTED**.
3. The Defendant's request for fees and costs is **GRANTED**. The Plaintiff shall pay the Defendant's reasonable attorney's fees and costs associated with the motion for sanctions.
4. The Defendant's request for additional monetary sanctions beyond fees and costs is **DENIED**.

November 8, 2012
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge